```
 1
 2
 3
 4
 5
 6                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
 7                                    AT SEATTLE

 8  KENNETH MILLER,                           CASE NO. C18-530RSM

 9              Petitioner,                   ORDER ADOPTING REPORT AND
                                              RECOMMENDATION IN PART AND
10       v.                                   DISMISSING FEDERAL HABEAS
                                              CORPUS ACTION
11  ROBERT FERGUSON, Washington State
    Attorney General,
12
                Respondent.
13
```

14

15        Petitioner, proceeding under 28 U.S.C. § 2254, seeks to challenge his state court

16 conviction on the basis of ineffective assistance of counsel. Dkts. #1 and #2. The Honorable

17 James P. Donohue, United States Magistrate Judge, thoroughly considered the Petition and

18 determined that this Court did not have subject matter jurisdiction and accordingly recommended

19 that Petitioner's action be dismissed. Dkt. #13. Petitioner has filed Objections to the Report and

20 Recommendation. Dkt. #15. Having reviewed the Objections and the rest of the record, the

21 Court adopts the Report and Recommendation in part and dismisses the Petition.

22        Petitioner was previously convicted of a felony offense in a Washington State court and

23 under Washington State law. Petitioner believes that his trial counsel was ineffective and that he

24 was denied his Sixth Amendment right to counsel. Dkt. #1 at ¶ 5.1. Petitioner seeks relief on

25 that basis. However, at Petitioner's request, the parties have not briefed the substantive issue and

26

ORDER – 1

instead have addressed whether Petitioner is "in custody" such that the Court has jurisdiction under 28 U.S.C. § 2254.

By the time the Petition was filed, Petitioner had already served his jail sentence and his term of community custody. Dkt. #1 at ¶ 9.1. Thus, Petitioner concedes that he is not in the physical custody of the State. *Id.* However, as a consequence of Petitioner's conviction, he may not lawfully own, possess, or have a firearm under his control. REV. CODE WASH. § 9.41.040(1). Petitioner maintains that this restriction on his Constitutional right is a "serious disability which suffices to constitute 'custody' for habeas corpus purposes." Dkt. #1 at ¶ 9.2.

As set forth in the Report and Recommendation, no legal authority establishes that a restriction on the possession of firearms places a person "in custody" for the purpose of habeas corpus petitions. Certain restraints upon the "liberty to do those things which in this country free [people] are entitled to do," can constitute custody for purposes of habeas relief. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). But within the Ninth Circuit, "[t]he precedents that have found a restraint on liberty [to constitute "custody"] rely heavily on the notion of a physical sense of liberty—that is, whether the legal disability in question somehow limits the putative habeas petitioner's movement." Dkt. #13 at 6 (quoting *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998)).

Petitioner's Objections[1] retrace many of the same arguments he has previously advanced, while adding little. On the whole, Petitioner's arguments stretch the precedent upon which they rely beyond recognition. For instance, Petitioner argues that the Report and Recommendation adopts an overly rigid distinction between direct and collateral consequences of a conviction and

---

[1] Petitioner's Objections are over-length under Local Civil Rule 72. Accordingly, the Court need not consider pages filed in excess of the applicable limit. Even so, nothing therein would alter the Court's decision.

ORDER – 2

that such an approach has been rejected by the Supreme Court. Dkt. #15 at 4–5 (relying on *Padilla v. Kentucky*, 559 U.S. 356 (2010)). But *Padilla*'s consideration of direct and collateral consequences was in a markedly different context and is inapplicable. The Court does not understand Petitioner's argument to be that his counsel was ineffective by failing to inform Petitioner of the effect a conviction would have on his right to bear arms. This presents but one instance of Petitioner's arguments that, while convincingly made, lack an adequate legal basis. In sum, Petitioner's Objections do not establish any factual or legal errors in the Report and Recommendation. Under the prevailing law and for the reasons aptly articulated in the Report and Recommendation, Petitioner is not "in custody" and therefore cannot pursue this Petition.

The Court does diverge from the Report and Recommendation in one regard. The Court does not believe that a certificate of appealability should issue. In a habeas proceeding under 28 U.S.C. § 2254, a certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A substantial showing requires that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Wilson v. Belleque*, 554 F.3d 816, 826 (9th Cir. 2009). Where a petition is dismissed on procedural grounds, the petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As established in the Report and Recommendation, Petitioner is clearly not in custody for purposes of § 2254 and the Court finds that reasonable jurists would not find such a procedural ruling debatable. Accordingly, the Court will not grant a certificate of appealability.

Having reviewed the Petition for a Writ of Habeas Corpus, Petitioner's Brief in Support, Respondent's Answer, Petitioner's Response, the Report and Recommendation, Petitioner's

ORDER – 3

Objections, Respondent's Response to Objections, and the remainder of the record, the Court hereby finds and ORDERS:

1. The Report and Recommendation (Dkt. #13) is ADOPTED IN PART.
2. The Petition for a Writ of Habeas Corpus (Dkt. #1), and this action, are DISMISSED with prejudice.
3. A certificate of appealability is DENIED.
4. The CLERK IS DIRECTED to send a copy of this Order to the parties and to Magistrate Judge James P. Donohue.
5. This matter is CLOSED.

DATED this 17 day of December 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4